**Dewayne Timothy WEST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54962.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 1, 1978.

Robert Doyce Mallett, Amarillo, for appellant.

Randall Sherrod, Dist. Atty. and Richard L. Wilcox, Asst. Dist. Atty., Canyon, for the State.

Before ROBERTS, ODOM and DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for criminal trespass. Appellant was found guilty by the jury; his punishment was assessed by the Court at two hundred seventy days in jail and a fine of five hundred dollars.

Appellant was tried with his co-defendants Douglas Mark West and Michael Leroy Thompson. The pertinent facts of appellant's case are identical to those of his co-defendant Douglas Mark West, whose appeal was decided by this Court on June 28, 1978, in an opinion by Judge Odom. *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978). We therefore quote from that opinion, which controls the disposition of this case:

"This is an appeal from a conviction for criminal trespass. V.T.C.A., Penal Code Sec. 30.05. Punishment was assessed at 280 days in jail and a $500 fine.

"We are confronted at the outset with fundamental error in the jury charge that requires reversal in the interest of justice. Art. 40.09(13), V.A.C.C.P.

"The complaint and information charged that appellant did:

'. . . intentionally and knowingly enter and remain in a habitation, without the effective consent of Gail Maureen West, the owner thereof, the said DOUGLAS MARK WEST having notice the entry was forbidden, . . .'

In applying the law to the facts in the jury instructions the court charged:

'Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendants' DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST and MICHAEL LEROY THOMPSON on or

about the 9th day of April, 1976, in the County of Randall and State of Texas, did then and there unlawfully enter and remain in a habitation, without the effective consent of the said GAIL MAUREEN WEST, the owner, and the said DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST, and MICHAEL LEROY THOMPSON had received notice that the entry was forbidden, then you will find the said DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST and MICHAEL LEROY THOMPSON guilty as charged, but if you do not so find, or have a reasonable doubt thereof, you will find the defendant not guilty.' [Footnotes omitted.]

"Appellant was charged with criminal trespass under Sec. 30.05(a)(1), supra, which provides:

'(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

'(1) had notice that the entry was forbidden; . . .'

The statutory language does not prescribe a culpable mental state. V.T.C.A., Penal Code Sec. 6.02(b) and (c) requires one nevertheless:

'(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

'(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.'

"Although Sec. 30.05, supra, does not prescribe a culpable mental state, we hold that a culpable mental state of intentionally, knowingly, or recklessly is required by Sec. 6.02, supra. *Day v. State*, Tex.Cr.App., 532 S.W.2d 302, 306, n. 2. Cf. *Bocanegra v. State*, Tex.Cr.App., 552 S.W.2d 130; *Zachery v. State*, Tex.Cr.App., 552 S.W.2d 136; *Ex parte Winton*, Tex.Cr.App., 549 S.W.2d 751; *Braxton v. State*, Tex.Cr.App., 528

S.W.2d 844. For offenses that require a culpable mental state, it is an element of the offense and must be alleged in the indictment. V.T.C.A., Penal Code Sec. 1.07(a)(13); *Ex parte Garcia*, Tex.Cr.App., 544 S.W.2d 432; *Tew v. State*, 551 S.W.2d 375; *Zachery, Winton*, supra.

"It is well established that a jury charge is fundamentally defective if it authorizes conviction on a theory not supported by the indictment. E. g. *Shaw v. State*, Tex.Cr. App., 557 S.W.2d 305; *Peoples v. State*, Tex.Cr.App., 548 S.W.2d 893; *Long v. State*, Tex.Cr.App., 548 S.W.2d 897. In *Morter v. State*, Tex.Cr.App., 551 S.W.2d 715, the Court quoted approvingly from *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683 (1918):

'Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.'

"In the cases cited above, the fundamental error in the charge occurred by submission of means of committing the offense not alleged in the indictment. Logic suggests that failure of the charge to require the jury to find all elements of the offense alleged would be equally defective, because such a charge would likewise fail to 'conform to the charges contained in the indictment.' *Windham v. State*, Tex.Cr.App., 530 S.W.2d 111, was such a case and the charge there was held fundamentally defective. The court there wrote:

'The charge which authorized the jury to find the appellant guilty of aggravated assault omitted one of the essential elements of the offense.'

"The indictment here properly alleged the culpable mental state element of the offense; the charge to the jury, however, omitted this element of the offense. See the charge and indictment set out above. Failure to include in the jury charge all essential elements of the offense as alleged in the indictment constitutes fundamental

error under the authorities cited and quoted above.

"The judgment is reversed and the cause remanded."

As in the co-defendant's case, the judgment here must be reversed and the cause remanded.