Billy Bell HOLLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56087.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.

Rehearing Denied July 18, 1979.

Howard C. Rubin and John F. Jordan, Dallas, for appellant.

Gene Knize, County Atty. and Constance Smith McGuire, Asst. County Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for criminal trespass wherein punishment was assessed at 90 days imprisonment and a $500 fine. Appellant's wife had left him and he was convicted of bursting into the home of his father-in-law at one in the morning and demanding to know where she was.

Appellant's first ground of error asserts that the trial court erred in failing to properly apply the law to the facts in its charge to the jury. The criminal information under which appellant was charged stated in part that: "Billy Bell Holloway did then and there *intentionally and knowingly* enter a habitation of Eules Moore, without the effective consent of Eules Moore. . . ." The court charged the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that in Ellis County, Texas, on or about the 27th day of December, 1976, the defendant, Billy Bell Holloway, did then and there enter a habitation controlled, occupied, and in the possession of Eules Moore, hereinafter called owner, without said owner's effective consent to do so, and the said defendant then and there knew and had notice that his entry was forbidden, then you will find the defendant guilty as charged."

Appellant asserts that the omission of the words "intentionally and knowingly" from the charge is fundamental error in that knowledge and intent are elements of the crime and must be included in the charge. The court, in its charge, gave definitions of knowingly and intentionally.

This case is controlled by this Court's disposition of *West v. State,* 567 S.W.2d 515, and the cases involving West's codefendants, *West v. State,* Tex.Cr.App., 572 S.W.2d 712, and *Thompson v. State,* Tex.Cr. App., 574 S.W.2d 103. In *West,* the defendant was also charged with criminal trespass.

The indictment charged that he did *"intentionally and knowingly* enter and remain in a habitation" while the jury charge stated that the jury could convict if it found the defendant *"did then and there unlawfully* enter and remain in a habitation. . . ." This Court determined that while V.T.C.A., Penal Code Sec. 30.05 does not expressly prescribe a culpable mental state, the culpable mental state of intentionally, knowingly, or recklessly was required as an element of the offense by the provisions of V.T.C.A., Penal Code Sec. 6.02. The fundamental error in this case occurred when the trial court failed to charge the jury with all the elements of the offense in conformity with the charging document. See also *Windham v. State,* Tex.Cr.App., 530 S.W.2d 111.

The criminal information properly alleged the necessary culpable mental state of the offense but the charge to the jury omitted this element. This constitutes fundamental error.

The judgment is reversed and the cause remanded.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission we reversed appellant's conviction for the offense of criminal trespass on the ground that fundamental error in this case occurred when the trial court failed to charge the jury with a culpable mental state in conformity with the charging document. The Court cited *West v. State,* Tex.Cr.App., 567 S.W.2d 515, *West v. State,* Tex.Cr.App., 572 S.W.2d 712, and *Thompson v. State,* Tex.Cr.App., 574 S.W.2d 103, as controlling.

The State, in its motion for rehearing, alleges that the cited cases are distinguishable from the instant case, insofar as none of the cited cases contained a culpable mental state in that portion of the charge which applied the law to the facts. The court in the instant cause charged the jury as follows:

Now if you find from the evidence beyond a reasonable doubt that in Ellis County, Texas, on or about the 27th day of December, 1976, the defendant, Billy Bell Holloway, did then and there enter a habitation controlled, occupied, and in the possession of Eules Moore, hereinafter called owner, without said owner's effective consent to do so, and the said defendant then and there *knew* and had notice that his entry was forbidden, then you will find the defendant guilty as charged. (Emphasis added)

We disagree with the State's contention that this case is distinguishable from those cases cited in the original opinion. It is abundantly clear from the information and the charge that in the former document the defendant was charged with knowingly and intentionally *entering* a habitation and in the latter document the jury was not told to find this fact in the paragraph where the law was applied to the facts. The jury was only instructed to find whether the appellant *knew* entry *was forbidden,* and this was a different element from the one containing a culpable mental state of "knowingly" or intentionally entering the habitation, as required by Section 30.05 of the Penal Code.

The fact that Holloway "knew" that entry was forbidden had nothing to do with whether he intentionally or knowingly entered the habitation itself. It is entirely possible that a person may not intend to enter a habitation or know that his actions would cause him to enter a habitation (i. e., entry by mistake or accident) even if he knew that he was not welcome there. The use of a derivative of the word "know" in the information and the charge connotes two different meanings—in the information the word modifies the phrase "entered a habitation" and in the charge it supplies further meaning to the phrase "and had notice."

We hold that the use of the word "knew" to modify and supplement the element of notice in the charge did not provide an instruction for the jury to find that the appellant either "intentionally" or "knowingly" entered a habitation, and conse-

quently, this case falls into the *West* line of cases.

The State's motion for rehearing is overruled.

DALLY, J., dissents.