**Debra L. LeDUC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57276.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 21, 1979.

On Rehearing Feb. 13, 1980.

Donald S. Gandy, Allan K. Butcher, Fort Worth court appointed, for appellant.

Tim Curry, Dist. Atty., Marvin L. Collins, Greg Pipes, Charles H. Roach and Candyce W. Howell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. V.T.C.A. Penal Code, Sec. 19.02. Punishment was assessed by the jury at fifty years.

Initially, appellant challenges the sufficiency of the evidence to support the conviction. Appellant was charged with the murder of Cheryl Covey in Arlington on June 24, 1976. The State sought to hold her criminally responsible for the acts of her companion, Mike Lipp. Although there was direct evidence of appellant's participation in the events leading up to the offense, the State relied on circumstantial evidence to prove Lipp's actual commission of the offense.

Frank West was present at the home of Cheryl Covey when the events of the present offense began. West testified that he had arrived at the Coveys' home in the early morning hours of June 24, 1976. The purpose of his visit was to deliver a load of marihuana to Tim Covey, husband of the deceased. West spent the night at this residence, and awoke in the morning at about 11:00 a. m.

According to West, the appellant and her boyfriend, Mike Lipp, arrived at the Coveys' residence a little after 12:00 noon on the same day. The record reflects that Lipp and Tim Covey were acquaintances, and had previously been involved in marihuana transactions.

All five persons sat in the living room and marihuana was smoked. West stated that after a short time Lipp motioned for Tim Covey to join him out of the room, and the two went to a bedroom.

West next heard Tim Covey shout, "Oh God, help me." Appellant, West, and Cheryl Covey all rushed to the bedroom. According to West, Lipp was holding Tim Covey in a corner of the room and had made a cut on the side of Tim Covey's neck with a knife. West grabbed Lipp's arm, and inquired as to what was going on.

According to West, Lipp then told Tim Covey that he knew better "than to drop a dime on me." The record reveals that this was an accusation that Tim Covey had reported Lipp to the police. Tim Covey denied that he had contacted the police for any other reason than to report some stolen property. West then announced he was leaving, and turned to exit the room.

West testified that Lipp pulled a gun and told him to stop. Lipp then ordered West and the Coveys to sit on the bed. According to West, Tim Covey pleaded with Lipp to release them and not to hurt them. Lipp told the appellant, who had been standing in the doorway, to find something to tie the threesome's hands.

Appellant left the room and returned with web-type straps and some macrame rope. Appellant started tying the hands of Cheryl Covey with a strap while Lipp held the gun on the others. West stated that Lipp was dissatisfied with the macrame rope, and ordered the appellant to find an extension cord. Tim Covey's hands were tied with the extension cord.

West testified that once everyone was tied, the appellant returned to the doorway. Lipp then asked the appellant if she had a gun and whether it was loaded and cocked. Appellant showed Lipp a pistol, and replied, "It's ready."

Appellant was then left to guard Tim and Cheryl Covey while Lipp took West to another portion of the house. West stated that he was taken to the garage, and that as he passed through the door he was struck on the head with a flower pot wielded by Lipp. Lipp then ordered him to lie down with his face to the floor and again struck West on the head.

West next recalled hearing gunshots and sounds like someone being slapped in one of the bedrooms. He then heard Lipp say, "I'll have to kill him too." According to West, the appellant replied, "Naw, you don't, because he don't know us or doesn't know what we're doing."

The next event that West remembered was driving his truck on a highway close to Waco. He ultimately received treatment for his head wounds in Georgetown. West

talked with police in his home town, and finally talked with Arlington police.

A neighbor of the Coveys' noticed blood on a broken window in the Coveys' residence at about 2:30 p. m. He called the police, and Officer Steele responded to that call.

Officer Steele looked through the broken window and saw the body of Cheryl Covey lying on the bed with her hands tied behind her. Steele broke down the front door, and found Tim Covey in the other bedroom lying on the floor with his hands tied. Both were dead.

A search of Coveys' residence revealed various items of physical evidence later admitted at the trial. This evidence included a knife, some broken glass, the web-type straps, the other cord used to tie the victims, a knife handle, and a knife blade. Some of this evidence revealed traces of blood, but no fingerprints.

Dr. Felix Gwozdz, Medical Examiner for Tarrant County, testified that Cheryl Covey died as a result of a slashing wound to the neck. He further testified that she suffered several head wounds which could have been inflicted by a large blunt object. The deceased's husband, Tim Covey, died as a result of gunshot wounds to the head and chest.

The day following the offense, appellant and Lipp shipped a box by bus to Lawrence, Kansas. Following a telephone call from Lipp, the box was picked up in Lawrence and taken to the home of Lipp's mother. The box was subsequently returned to authorities in Tarrant County. Among the articles contained in the box were: a .25 caliber automatic pistol, a .22 caliber automatic pistol, a broken flower pot, marihuana, and several articles of clothing.

At trial, West identified the .25 automatic as the gun which Lipp had on the day of the offense. A chemist for the Texas Department of Public Safety testified that hair was found on the butt of the .25 automatic. This hair was found to be similar to a hair sample taken from Cheryl Covey. Another chemist testified that by comparing rifling characteristics, he was able to determine that a bullet recovered from the head of Tim Covey had been fired from the .25 automatic.

Appellant testified in her own behalf. She admitted having tied up the victims, but denied that she was armed at that time. She stated that she thought Lipp was going to call the police, and that at one time he told her to do so. After tying the victims, she was handed the .22 caliber pistol by Lipp, but was told that it did not work. Appellant testified that she was then told to watch the victims while Lipp took West to the garage.

According to appellant's testimony, when Lipp returned to the bedroom he sent her to the garage to watch West. While in the garage she heard scuffling noises and a shot. Lipp then returned to the garage. Appellant testified that when Lipp stated that he should kill West, she insisted that West not be harmed. According to the appellant, she and Lipp then left the house without returning to the bedrooms. Appellant denied having any knowledge of Lipp's intent to kill the Covey couple at the time she tied them up.

Appellant and Lipp were arrested a few days later at a Dallas motorcycle shop in a midst of what appeared to be preparations to leave the area.

As noted above, there was direct evidence from West that appellant bound the deceased's hands with rope. However, the State relied on circumstantial evidence to prove the murder of Cheryl Covey by Lipp.

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Schershel v. State*, 575 S.W.2d 548 (Tex.Cr.App.); *Bryant v. State*, 574 S.W.2d 109 (Tex.Cr.App.). Thus, proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State*, 571 S.W.2d 924 (Tex.Cr.App.). However, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence

to support the conviction. *Earnhart v. State*, 575 S.W.2d 551 (Tex.Cr.App.). We conclude that the evidence in the instant case was sufficient to exclude every other reasonable hypothesis except that of Lipp's guilt in murdering Cheryl Covey.

With regard to appellant's criminal responsibility for Lipp's conduct, V.T.C.A. Penal Code, Sec. 7.02(a)(2) provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

"(2) Acting with intent to promote or assist the commission of the offense, he solicits, encourages, aids, or attempts to aid the other person to commit the offense;"

■ Evidence at trial established that appellant assisted Lipp in the commission of the offense. Appellant bound the hands of Tim and Cheryl Covey. She indicated that a gun was "ready" at the Covey home. Lastly, appellant was with Lipp at the Covey home during the commission of the offense and was later arrested with him. We find the evidence sufficient to support appellant's conviction. Appellant's first ground of error is overruled.

In her second ground of error, appellant contends that the trial court erred in failing to submit her specially requested charge on circumstantial evidence. She maintains that such a charge was necessary because there was no direct evidence of Lipp's commission of the murder.

■ A charge on circumstantial evidence is required only when the evidence of the main fact essential to guilt is purely and entirely circumstantial. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.). However, when the facts are in such close relationship to the main fact to be proved as to be the equivalent of direct testimony, a charge on circumstantial evidence is not required. *Newton v. State*, 509 S.W.2d 610 (Tex.Cr.App.); *Oltiveros v. State*, 474 S.W.2d 221 (Tex.Cr.App.).

In *Ales v. State*, 587 S.W.2d 686, we concluded that the facts proven were in such close relationship as to be the equiva-lent of direct evidence of the main fact to be proved. In that case, no one saw the appellant inflict the injuries which brought about the death of his child. However, the appellant's wife testified that she was told to leave a room in order for the appellant to punish the child with a paddle. The next morning the witness observed that the child had severe head injuries. It was also proven that the paddle was broken on the night the child was punished.

■ In the instant case, the main fact to be proven was that appellant killed the victim with a knife. The State did not seek to prove that appellant actually committed the offense, but, instead sought to hold her culpable for the acts of Lipp. We have held that in a prosecution wherein the defendant is alleged to be criminally responsible for the acts of another, if there is direct evidence of the offense by another party but only circumstantial evidence of the defendant's participation, then the defendant is entitled to a charge on circumstantial evidence. *Oliver v. State*, 551 S.W.2d 346 (Tex.Cr.App.), and *Ellis v. State*, 551 S.W.2d 407 (Tex.Cr.App.). It follows that when the converse occurs, namely, direct evidence of participation in the events leading to the offense, but only circumstantial evidence of the acts for which the defendant is being held responsible, then upon timely request, the defendant is entitled to a charge on circumstantial evidence.

■ We conclude that in the instant case, the facts proven concerning Lipp's murder of Cheryl Covey were in such close relationship as to be the equivalent of direct evidence. Lipp made the statement, "I'll have to kill him (West) too." While this is not an unequivocal admission to the murder of Cheryl Covey, it must be considered in light of the evidence at trial. Direct evidence at trial established the following: (1) that both appellant and West heard slapping sounds and gunshots while Lipp was in the bedroom with the Covey couple; (2) that Tim Covey died as a result of a gunshot wound from the gun which Lipp had at the Covey home; (3) that a hair sample taken from the butt of this gun was similar to

Cheryl Covey's hair; (4) that Lipp had a knife at the Covey home; (5) that Cheryl Covey died as a result of a knife wound; (6) that the Coveys were alive when West and appellant went to the garage; (7) that Lipp remained alone in the Coveys' bedroom; and (8) that Cheryl Covey was found shortly thereafter in the bedroom with her throat cut.

We find that the trial court did not err in refusing to submit appellant's requested charge on circumstantial evidence. No error is shown.

In her third, fourth, and fifth grounds of error, appellant contends that the trial court erred in failing to submit her specially requested jury charges relative to the law of parties and independent impulse. Appellant's first requested charge on the law of parties was as follows:

"Members of the jury, you are instructed that the mere presence of an actor at or near the scene of the commission of an offense does not make her criminally responsible and mere knowledge that an offense is about to be committed will not make the actor criminally responsible; nor will knowledge that an offense is being committed, or has been committed, nor will her failure to give alarm, her silence or inaction make her criminally responsible.

"Where an offense has been committed the true criterion for determining the criminal responsibility of an actor is: Did the actors act together in pursuance of a common intent and in pursuance of a previously formed design in which the minds of both were united and concurred? If so, the law is that both are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of both.

"If there was no such common design and intent of both, including the Defendant, to commit the offense, or if the offesne, (sic) if any, was committed by one or more, acting independently of the Defendant, and in so doing was without participation by her in the design and intent to commit the offense, then the Defendant is not guilty, and if you have a reasonable doubt as to this issue, you must give the Defendant the benefit of the doubt and say by your verdict not guilty."

Appellant's second requested charge on the law of parties was as follows:

"Now if you find from the evidence beyond a reasonable doubt that MICHAEL LIPP, in Tarrant County, Texas, on or about the 24th day of June, 1976, did intentionally or knowingly cause the death of Betty Cheryl Covey by cutting her with a knife and that the Defendant, DEBRA LeDUC, knew of the intent, if any, of said MICHAEL LIPP to cut the said Betty Cheryl Covey and acted with intent to promote or assist the commission of the offense by MICHAEL LIPP by encouraging, directing, aiding or attempting to aid MICHAEL LIPP to commit the offense of cutting Betty Cheryl Covey, then you will find the Defendant DEBRA LeDUC guilty of murder as charged in the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant.

"You are further instructed that if you find from the foregoing facts, beyond a reasonable doubt, that the offense of murder was actually committed by the separate act of MICHAEL LIPP, acting of his own separate volition, and you believe or have a reasonable doubt that any actions on the part of DEBRA LeDUC were not in the furtherance of the original unlawful purpose, if any, of both actors, and was not such an offense as should have been anticipated as a result of carrying out the original unlawful purpose, then you will acquit the Defendant DEBRA LeDUC and say by your verdict, NOT GUILTY."

Appellant's requested charge with regard to "independent impulse" was as follows:

"The Defendant has testified that if there was an offense committed upon the person of Betty Cheryl Covey, that she did not agree to the commission of the

offense and that she had no intent to participate in any such unlawful act, if any, and that she did not participate in any way in the furtherance of the purpose and design of the other who was engaged in any offense, if any was committed, and, and never agreed to the commission of any such offense, if any, and if you so believe or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict NOT GUILTY.

"If there was no such common design and intent to commit the offense, or if the offense, if any, was committed by one acting independently of the Defendant in so doing and without participation by her in the design and intent to commit it, then the Defendant is NOT GUILTY, and if you have a reasonable doubt as to this issue, you must give the Defendant the benefit of the doubt and say by your verdict NOT GUILTY."

The charge which was actually given by the court with regard to the law of parties and applying the law to the facts of the offense was as follows:

"All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

"Now, if you find from the evidence beyond a reasonable doubt that Michael Lipp in Tarrant County, Texas, on or about the 24th day of June, 1976, did intentionally commit the offense of Murder as hereinbefore defined, and that the defendant, Debra Leduc knew of the intent, if any, of the said Michael Lipp to kill Betty Cheryl Covey and acted with intent to promote or assist the commission of the offense by tying Betty Cheryl Covey's hands behind her back and by encouraging, directing, aiding, or attempting to aid Michael Lipp to commit the offense of Murder, then you will find the defendant, Debra Leduc, guilty of Murder as charged in the indictment. "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant. "You are further instructed that the mere presence of defendant at the scene of the murder, if any, would not constitute her a party to the offense, and if you should find from the evidence beyond a reasonable doubt that Michael Lipp did then and there commit the said murder, as aforesaid, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the defendant, Debra Leduc did not agree to or solicit, encourage, direct, aid, or attempt to aid Michael Lipp in the commission of said murder, then you will find the defendant, Debra Leduc, Not Guilty of the offense of Murder and proceed to determine whether the defendant is guilty of the lesser included offense of Aggravated Assault."

When viewed as a whole, the charge actually given by the court required the jury to find not only that Lipp murdered Covey, but also, that appellant knew of Lipp's intent and aided him in the commission of the offense. The charges refused focused on the elements of a common intent or design between Lipp and appellant as well as the possibility that Lipp's acts were independent and not in the furtherance of such a common intent or design.

It has been held that when the refused charge is substantially the same or is adequately covered by the charge given, no harm is shown. *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.); *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App.). Thus, in *Curtis v. State,* 573 S.W.2d 219 (Tex.Cr.App.), we found no error in the court's failure to charge on "independent impulse" when the charge actually given on the law of parties

fully protected the defendant's rights. Furthermore, when the court properly charges the jury on the law of parties, it is not error to refuse to submit a requested charge on the law of parties in substantially the same form as that actually given. See, *Mitchell v. State*, 517 S.W.2d 282 (Tex.Cr. App.); *Skidmore v. State*, 530 S.W.3d 316 (Tex.Cr.App.).

 We find that the charge actually given was substantially the same and adequately covered those refused. Therefore, the trial court did not err in failing to submit appellant's requested charges on the law of parties and independent impulse. These contentions are overruled.

In her last ground of error, appellant maintains that the jury charge is fundamentally defective. She contends that the charge is erroneous because it failed to limit the means of the murder to "by cutting her with a knife" as charged in the indictment. This contention is raised for the first time on appeal.

The indictment in this case charged that appellant caused the death of the victim by cutting her with a knife. The court's charge required the jury to find that Lipp murdered Covey and did not specify the means by which the murder was accomplished.

 If the evidence supports a charge on the law of parties, the court may charge on the law of parties even though there is no such allegation in the indictment. *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.). In *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr. App.), the Court noted:

> ". . . if the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of principals and is dependent, at least in part, upon the conduct of another. In such a case, the law of principals must be submitted and made applicable to the facts of the case."

 In the instant case, the State did not attempt to prove that appellant killed Covey by cutting her with a knife. Rather it was the State's theory that appellant was responsible for the conduct of Lipp in murdering Covey. Such a theory was properly submitted to the jury in the court's charge. We perceive no fundamental error in failing to require the jury to find that Lipp murdered Covey by "cutting her with a knife." See, *Cumbie v. State*, 578 S.W.2d 732 (Tex. Cr.App.). No error is shown.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge, dissenting.

The Court today affirms, without further written opinion, the prior panel opinion in this cause.

For the reasons stated in *Coleman v. State*, 530 S.W.2d 823, 826–27 (Tex.Cr.App.) (dissenting opinion), I dissent to the holding that it was not error to refuse to submit a circumstantial evidence charge in this case.

PHILLIPS, J., joins in this dissent.