**Roger CANADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00233–CR.**

Court of Appeals of Texas,
San Antonio.

July 28, 1982.

Charles Darby Riley, David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., John J. Horn, III, Asst. Dist. Atty., Bexar County, San Antonio, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

### OPINION

BUTTS, Justice.

This is an appeal from a conviction for the offense of burglary of a habitation. Following conviction by the jury, the court assessed punishment at five years' confinement. Appellant brings five grounds of error, citing error in the jury charge on "parties"; denial of a speedy trial; fundamental error in the jury charge which omitted the general culpable mental state in applying the law to the facts; insufficient evidence to prove the entry was "without the effective consent of the owner;" and failure to give appellant full jail-time credit. We agree with the argument in the fifth ground of error and reform the judgment in that respect. However, we do not agree with the remaining contentions and affirm the judgment as reformed.

In his first ground of error appellant complains of the jury charge given on "parties to the offense." Tex.Pen.Code Ann. §§ 7.01 and 7.02(a)(2) (Vernon 1974).[1] Appellant objected orally to the charge, and the trial court overruled the objection. Counsel for appellant then inquired whether his objection was "preserved, or do I need to submit it." The trial court replied it was preserved and to have the court reporter type up the objection. The trial court emphasized the objection was preserved. The State did not object.

■ Article 36.14, Tex.Code Crim.Pro. Ann. (Vernon Supp.1982) provides that objection to the court's charge shall be presented in writing. After September 1, 1975, the requirement was satisfied by dictating objections to the court reporter in the presence and with the consent of the trial court where the subsequent transcription was endorsed with the court's ruling and official signature. *Frazier v. State*, 576 S.W.2d 617, 619 (Tex.Cr.App.1979). In light of the ruling in *Dirck v. State*, 579 S.W.2d 198, 202 (Tex.Cr.App.1979) that there was substantial compliance with art. 36.14, *supra*, even though there was no endorsed ruling with the trial judge's official signature thereon, we find substantial compliance in the present case.[2]

This case is a circumstantial evidence case. A jury charge on circumstantial evidence as well as the charge on parties was given. Appellant argues the evidence may show his guilt as the principal offender but not as a party. He urges reversal because the evidence did not raise the issue of parties. This court disagrees.

---

1. Tex.Pen.Code Ann. § 7.01(a) (Vernon 1974):

     A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
       § 7.02 provides in part:
       (a) A person is criminally responsible for an offense committed by the conduct of another if:

      \*     \*     \*     \*     \*     \*

       (2) Acting with intent to promote or assist the commission of the offense, he solicits,

encourages, aids, or attempts to aid the other person to commit the offense....

2. With the 1981 amendment to art. 36.14, enacted after the present trial, the requirement of the court's endorsed ruling and official signature is deleted. The requirement that the objection to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of the court and the State's counsel before the reading of the court's charge to the jury.

The record discloses Thomas Franklin, Jr. discovered his niece's house in San Antonio had been burglarized when he routinely "checked it" on January 17, 1980, while she was in the hospital. He had gone into the house that morning and come back in the afternoon about 5:30 or 6:00 p. m. All the rooms were then in disarray and many items, including two television sets, a stereo, furs, clothes, and other property were missing. He observed the back door's lock had been "chiseled away" and the bolt beaten back in order that entry could be effected. He stated he did not give appellant permission to enter the house. Patsy Murry, the niece who rented the house and lived there with her son, testified she did not give appellant permission to enter the house. Further, her son repeated the denial.

Franklin, who lived close by, and 18-year-old Reginald Murry, talked with persons in the neighborhood to find a possible witness. They located Ernest Rodriguez, who lived directly behind the burglarized house. Rodriguez produced a lamp belonging to Murry and explained he had paid Chris Lamielle two dollars for it that very afternoon. Lamielle lived in the neighborhood. Appellant lived next door to Murry. Reginald Murry, on the evening of the burglary, went to the house of Lamielle's girlfriend, who also lived in that neighborhood. From her he recovered the Murrys' stolen stereo.

The San Antonio Police Department fingerprint expert at the trial testified that the fingerprint (thumbprint) lifted from a spray can of deodorant at the scene was that of appellant. Evidence established that appellant had never been an invited visitor in the Murry house. Further, evidence established that Lamielle went to appellant's house on the day of the burglary.

In determining whether one has participated as a party to an offense, the trial court may look to events occurring before, during, and after the commission of the offense, and reliance may be placed on actions of the parties which show an understanding and common design to do a certain act. *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex.Cr.App.1978) and cases cited therein.

The burglary of the house, the disposition on the same day by Lamielle of two items stolen from the burglary, the lamp and stereo, the acquisition of appellant's thumbprint from inside the burglarized premises, the relationship of appellant and Lamielle could all be considered by the jury to determine complicity.

Appellant's reliance on *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1978) is misplaced, for that indictment charged Savant and Bacon together with unlawfully carrying "on their person" a pistol with which they assaulted and shot the victim. In applying the law to the facts, the trial court instructed the jury it might find Savant guilty of the offense not only as a principal but also on the theory of his acting alone. The reviewing court reversed the case, stating that the charge permitted the jury to find Savant guilty on a theory unsupported by the evidence.

The instant charge required the jury to find the appellant did, *either acting alone or together with another as a party*, enter a habitation without the effective consent of the owner with the intent to commit theft. We find the evidence was sufficient to show appellant committed the offense of burglary, either acting alone or as a party. In the present case there was no allegation of parties in the indictment; however, a charge on the law of parties may be given when it is supported by the evidence even though criminal responsibility for the acts of another is not pled in the indictment. *LeDuc v. State*, 593 S.W.2d 678, 685 (Tex.Cr.App.1979), *Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Cr.App.1978). We hold that, under the facts of this case,[3] the

---

**3.** The trial court also submitted a charge on circumstantial evidence. Given the facts of the case, this was required. The charge on circumstantial evidence instructed the jury to find that the circumstances must produce a reasonable and moral certainty that appellant, either acting alone or together with another as a party, committed the offense. *See LeDuc v. State*, 593 S.W.2d 678, 682 (Tex.Cr.App.1979).

trial court correctly submitted the charge on parties. The Court of Criminal Appeals in *Galvan v. State*, 598 S.W.2d 624, 629 (Tex.Cr.App.1979) discussed when a parties charge should be given:

> [W]hen the state of the evidence is such that an accused alone committed the offense or was acting together with another or others in doing so, the law of parties becomes applicable.

The ground of error is overruled.

Appellant in his second ground of error alleges he was denied a speedy trial. Tex. Code Crim.Pro.Ann. art. 32A.02 (Vernon 1981). Arrested January 31, 1980, indicted April 2, arraigned April 11, appellant had his first trial setting May 12, 1980. The State announced ready. Trial was reset to June 30. On July 1 the court commented to counsel:

> They [the State] announced ready and we just didn't reach it ... because we were trying something else. We are ready to try him [now] because we have court time.

The trial judge then noted a key witness for the State, the policeman who lifted the fingerprint of appellant, had been shot and was in the hospital. Trial was reset to July 14 to assure the injured policeman's presence. On that date the State announced the officer had "taken a turn for the worse" at the hospital. The State noted, "He is really important to the case because he lifted the fingerprints." The trial court permitted the appellant to make bond on his pending motion to revoke probation, the basis of which was this offense, and reset the trial to August 25. At that time appellant's motion to dismiss because of denial of a speedy trial was overruled. Because Thomas Franklin, Jr., the State's witness who discovered evidence of the burglary, was in another town and could not be present until the following week, the case was reset to September 2.

■ Appellant produced no evidence to demonstrate the State's lack of readiness after the first announcement was due to any reason other than absence of the officer and Franklin. Both of these witnesses tes-

tified at the trial. Further, the trial court carefully set out the crowded condition of the docket for the period from May 12 to June 30 after the State announced its readiness for trial. We find that these documented instances are what the Legislature meant when it enacted the following provisions of art. 32A.02, *supra*, § 4:

> In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> \*    \*    \*    \*    \*    \*
>
> (6) a reasonable period of delay resulting from a continuance granted at the request of the State if the continuance is granted:
>
> (A) because of the unavailability of evidence that is material to the State's case, if the State has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time;
>
> \*    \*    \*    \*    \*    \*
>
> (10) any other reasonable period of delay that is justified by exceptional circumstances.

We hold the requirements of the Speedy Trial Act have been met. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The second ground of error is overruled.

■ In his third ground of error appellant argues that the trial judge, in applying the law to the facts in the jury charge, omitted the required culpable mental state, resulting in fundamental error. The jury charge states in part:

> Now if you find from the evidence beyond a reasonable doubt that ... the defendant ... did, either acting alone or together with another as a party, enter a habitation ... without the effective consent of said owner, and that the defendant ..., had the intent then and there to commit the specific crime of theft, as the term is herein defined, then you will find the defendant guilty as charged in the indictment. ...

In *Teniente v. State*, 533 S.W.2d 805, 806 (Tex.Cr.App.1976) the Court of Criminal Appeals addressed a similar omission of the

general culpable mental state in an indictment for burglary:

> The conduct that is the gist of the offense of burglary ... is the entry into the habitation with the requisite intent. The indictment alleges the culpable mental state with which the appellant entered the habitation; it alleged he entered the habitation "with the intent to commit theft."

We apply the same reasoning in the present case and find the jury charge was sufficient to allege the required culpable mental state. *Johnson v. State*, 537 S.W.2d 16, 18 (Tex.Cr. App.1976). The ground of error is overruled.

■ In his fourth ground of error appellant contends that appellant's entry into the house, if any, was not shown to be without the owner's effective consent. The State's counsel asked Patsy Murry if she knew Roger Canada, to which she replied no. Immediately she was asked if she knew "this man right there," to which she replied no. "Have you ever seen him before?" "Can't say that I have." "Have you ever given him permission to go into your house?" "No, sir." We find no uncertainty in this evidence. Moreover, Reginald Murry, who lived with his mother in the house, positively identified appellant in the courtroom and stated he had never given permission for appellant to go into his house. Appellant's contention is without merit.

■ We agree with appellant that he was not given full credit for time spent in jail. Appellant spent an additional ninety-six (96) days in jail on a related revocation of probation matter. This time will be credited in addition to the nineteen (19) days reflected in the judgment. The judgment will be reformed accordingly.

The judgment is affirmed as reformed.

KLINGEMAN, J., not participating.

CLARK, Justice, concurring.

I concur in affirming the trial court's judgment, as reformed, for the reasons stated by Justice Butts. With respect to appellant's third ground of error, however, I believe further discussion is warranted.

Appellant's third ground of error must be examined in the specific light of the statute in question and the cases upon which appellant relies, keeping in mind that the essence of the offense of burglary is the unauthorized entry into a habitation with intent to commit theft. *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976). *Young v. State*, 621 S.W.2d 779 (Tex.Cr.App.1981), upon which appellant relies, involved an aggravated robbery conviction which was reversed because the trial court's charge failed to require the jury to find that the appropriation of property was without the effective consent of the owner. The missing element in *Young*, therefore, was an essential element of the offense without which no violation of the statute could be found. The court's statement concerning the lack of an instruction on the culpable mental state alleged in the indictment was dictum in *Young*; and because of the differences between the essential elements of aggravated robbery and burglary with intent to commit theft, the general principle stated as dictum in *Young* does not control our disposition of the case before us.

*West v. State*, 567 S.W.2d 515 (Tex.Cr. App.1978), also relied upon by appellant, was a criminal trespass case in which the trial court's charge failed to require the jury to find that the accused entered the habitation intentionally or knowingly. The court held that since the criminal trespass statute does not prescribe a specific culpable mental state, the section 6.02[1] requirement of "intentionally, knowingly, or recklessly" should have been charged by the trial court. 567 S.W.2d at 516.

*Holloway v. State*, 583 S.W.2d 376 (Tex. Cr.App.1979), also relied upon by appellant, was a criminal trespass case expressly controlled by *West*. The opinion on the State's motion for rehearing is helpful in understanding the significant difference between omitting an instruction on "intentionally or knowingly" entering in a criminal trespass

---

1. Tex.Penal Code Ann. § 6.02 (Vernon 1974).

case, on the one hand, and in a burglary with intent to commit theft case, on the other:

> "It is entirely possible that a person may not intend to enter a habitation or know that his actions would cause him to enter a habitation (i.e., entry by mistake or accident) even if he knew that he was not welcome there."

583 S.W.2d at 377.

In *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), it was held that an indictment charging burglary of a habitation with intent to commit theft was not fundamentally defective for failure to allege that the unauthorized entry was a knowing and intentional act. The court pointed out that the conduct which constitutes the essence of burglary with intent to commit theft is the entry into the habitation with that specific intent, and that the indictment in that case, by alleging that the accused entered with intent to commit theft, alleged the culpable mental state required by the substantive statute and was not fundamentally defective. *Teniente* thus holds that an indictment charging an unauthorized entry "with the intent to commit theft" satisfies the requirement that a culpable mental state be charged. Applying the rationale of *Teniente* to the case before us, it follows that the trial court's charge was not fundamentally defective for failure to instruct on "intentionally and knowingly" entering. The teaching of *Teniente* is that those terms are surplusage in this case, and need not be included in the court's charge, because the substantive statute [2] required the State to plead and prove, and the court to instruct upon, a more stringent standard of culpability, i.e., the specific intent to commit theft. In addition, logic dictates that an entry made "with the intent to commit theft" is not an entry made "by mistake or accident." *Cf. Holloway, supra.*

---

**2.** Tex.Penal Code Ann. § 30.02 (Vernon 1974).