**Roger CANADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 018–83.

Court of Criminal Appeals of Texas, En Banc.

Oct. 5, 1983.

Charles Darby Riley, court appointed, David K. Chapman, court appointed, San Antonio, for appellant.

Bill M. White, Dist. Atty., Sharon MacRae, Raymond Angelini, Stephen J. Vacek, Jr., and John J. Horn, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of burglary of a habitation and punishment was assessed at five years confinement in the Department of Corrections. The Fourth Court of Appeals in San Antonio, 636 S.W.2d 632, affirmed appellant's conviction. Appellant, in his petition for discretionary review, argues that the affirmance by the San Antonio Court of Appeals, based on its interpretation of the Speedy Trial Act,[1] Art. 32A.02, V.A.C.C.P., was in error. We disagree and affirm.

The appellant was arrested on January 31, 1980. An indictment was filed on April 2, 1980. On May 12, 1980, both the appellant and State made announcements of ready which were noted on the court's docket and the case was scheduled for trial on June 30. For reasons undeterminable from the record the case was continued. On July 1, the appellant filed a "Motion to Set Aside the Indictment for Failure to Grant a Speedy Trial." A hearing was had in cham-

---

1. Hereinafter referred to as The Act.

bers. An assistant district attorney announced that a certain witness who was vital to his case was in the hospital suffering from a gunshot wound and an automobile accident. Appellant's motion was denied and the cause was reset for July 14. At that time the appellant's motion was re-urged. The State informed the court that the witness had "taken a turn for the worse" and the court reset the cause for August 25. On that date the court overruled the appellant's motion to dismiss for lack of speedy trial and attempted to proceed to trial. The assistant district attorney then requested the court to allow the State to withdraw its announcement of ready because not everybody on the subpoena list had been served. He specifically pointed to a material witness who was out of town and who would not be able to testify until September 2. The judge passed the case and it was reset for September 2. The trial commenced on September 2.

The appellant contends that every day beyond the May 12 announcement of ready and up until trial should be counted against the State and that the 120 day limit was thereby exceeded. We have determined, however, that a proper computation of the period of delay reveals that only 102 days elapsed during which the State was not ready for trial. That computation is: 62 days between arrest and indictment, and 40 days between indictment and announcement of ready.

The State's announcement of ready on May 12 was uncontroverted by the appellant. The announcement thereby effectively tolled the running of the Act until the presumption of readiness was sufficiently rebutted by the appellant or until the State announced it was not ready. On July 1 the appellant filed the following motion to dismiss based on the Act:

"Now comes Roger Canada, Defendant, and respectfully moves the Court to set

aside the indictment against him for the failure:

"1. To accord him a speedy trial under the provisions of Article 32A.02, V.A.C.C.P., and

"2. To accord him a speedy trial as required by the Sixth Amendment, United States Constitution, and Article I, Sec. 10, of the State Constitution and the provisions of Article 1.05, V.A.C.C.P."

That the instrument set out above is but a naked motion unsupported by any evidence is clear. However, the motion was sufficient to rebut the presumption of readiness. Nevertheless, in the instant case the motion was not sufficient to *overcome*[2] the State's rebuttal.

The appellant argues that, even if the State be allowed to exclude the period between its May 12 announcement of ready and its first announcement of not ready, there followed periods of time[3] *not* excludable by the Act which, when added to the 102 days noted above, total well over the 120 day statutory limit. Again we disagree.

That the State was not ready at the hearing on appellant's motion to dismiss on July 1 is undisputed. The State was again not ready on July 14 and on August 25. The record reflects, however, that on both July 1 and July 14 it was brought to the attention of the court that a certain important State's witness was in the hospital and thus unable to testify on those dates. The court overruled the appellant's motion to dismiss on both occasions, citing Art. 32A.02, Sec. 4(10), which provides that:

"In computing the time by which the State must be ready for trial, the following periods shall be excluded:
" * * * * *

"(10) any other reasonable period of delay that is justified by the exceptional circumstances."

---

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. The appellant counts 62 additional days, covering the period of July 1 to September 2.

On August 25, the court again overruled the appellant's motion to dismiss, and reset the case because of "extraordinary reasons." The case was called at the next setting, and the State announced ready; the witness was present and testified at the trial.

The appellant argues that the prosecutor's statements referring to the hospitalization of the witness were not competent evidence. In *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975) an objection made by the defense attorney to the prosecutor's closing argument included the following:

> "Your Honor, we're going to object to that comment. He is obviously commenting—inferring by the place he stood—let the record reflect that he stood right behind the defendant, raised his voice, at that time, and objected—excuse me—not objected—said, 'We haven't heard from somebody in this court.' At that time, Mr. Casey looked down at the defendant in such that his actions and inferences and comments made, was a comment on not testifying by the defendant."

This Court held that the defense attorney had properly placed the event in the record by his statement and that the record thereby supported his claim. Presiding Judge Onion, citing Art. 40.09, V.A.C.C.P.,[4] wrote:

> "This statement, made for the purpose of the record and recorded by the court reporter as to the prosecutor's physical actions, was undisputed by the prosecutor and unquestioned and unqualified by the court in whose presence the statement was made."

4. Art. 40.09, subd. 4, reads in pertinent part:
    "4. ... A transcription of the reporter's notes when certified by him and included in the record shall establish the occurrence and existence of all testimony, argument, motions, pleas and objections, exceptions, court actions, refusals of the court to act and other events thereby shown and no further proof of the occurrence or existence of same shall be necessary on appeal; provided, however, that the court shall have power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the

As in *Hicks,* supra, there were no objections made to this portion of the record in the instant case. The record was approved by the trial court.[5] The record affirmatively establishes that the State's witness was unable to testify at that time. The State thus properly invoked the exclusionary provision of the Act relating to exceptional circumstances. Cf., *Jordan v. State,* 639 S.W.2d 477 (Tex.Cr.App.1982); *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App.1982), relied upon by the appellant in his brief.

From the date of the State's announcement of ready until the date on which the instant case was tried the running of the Act was tolled. A total of 102 days ran before the State was ready for trial; the requirements of the Act were met.

The judgment of the court of appeals is affirmed.

MILLER, Judge, concurring.

I concur in affirming the judgment of the Court of Appeals but in doing so I would suggest an analysis and treatment of the applicable subsections of the Speedy Trial Act[1] different than that contained in either the majority opinion or the dissenting opinion.

I agree with the dissent that subsection 6(A) is more appropriate to the resolution to the Speedy Trial Act question presented by appellant than is subsection 10.

> "(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted:

truth and any such finding or adjudication having support in the evidence shall be final."

5. Art. 40.09, subd. 7, reads in pertinent part:
    "7. ... If neither files and presents to the court in writing any objection to the record, within 15 days after the mailing of such notice and if the court has no objection to the record, he shall approve the same."

1. Art. 32A.02, § 4(6)(A) and § 4(10), V.A.C.C.P. Unless otherwise indicated in this opinion all statutory references are to these subsections of the Speedy Trial Act.

(A) Because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time; or

\* \* \* \* \* \*

"(10) any other reasonable period of delay that is justified by exceptional circumstances."

I cannot agree, however, that the evidentiary requirements under either of these subsections should be similar to those required in Chapter 29, V.A.C.C.P., which is titled "Continuance".

It should first be pointed out that had the legislature intended for the formal requirements of continuances to apply to the Speedy Trial Act, they could have easily done so. Close examination of subsection 6(A) and 10 reveals that this was no mere oversight. Since subsection 6(A) provides the correct criteria for deciding the particular question before us, I will be discussing it but the final legal analysis is equally applicable to subsection 10.

The thrust of subsection 6(A) is not can the State prove that what it believes is, in fact, true; rather subsection 6(A) concerns itself with what the State *believes*. There are two criteria in subsection 6(A): due diligence and reasonable belief. Both are intertwined. We decide whether diligence amounts to due diligence by measuring what the State has done against what we reasonably expect them to do. This is a subjective standard based upon what the State reasonably believes is true, not an objective standard based on what in reality is true. This being the case, it is not necessary for the State to live up to the objective

type evidentiary criteria demanded in continuances.

Therefore, I disagree with the majority opinion's pronouncement that the prosecutor's statements referring to the hospitalization of the witness were not competent evidence. The prosecutor aptly demonstrated that the State believed the witness was material to their case, was unavailable because of necessary hospitalization, but would be available shortly.[2] Both sides were given an opportunity to make whatever presentation to the Court they chose. Although the trial judge erroneously relied on subsection 10 in overruling the Speedy Trial Act motion for dismissal, uncontroverted statements of the prosecutor support a finding that the State acted reasonably and with due diligence, the criteria in subsection 6(A).

For these reasons, I concur in affirming the decision of the Court of Appeals.

CLINTON, Judge, dissenting.

We all regard *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979) as seminal authority on certain procedural aspects of the Texas Speedy Trial Act[1] (the Act). Therein the Court prescribed:

"[Article 32A.02, § 3] would seem to require that the first move be made by the accused rather than the state. . . . Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act. This declaration is a *prima facie* showing of conformity to the Act, but can be rebutted by *evidence* submitted by the defendant *demonstrating* that the state was not ready for trial during the Act's time lim-

2. As pointed out by the dissent, the Court learned of the State's belief via unsworn oral statements by the prosecutor. It should be pointed out that the prosecutor was an officer of the court and was subject to being called to the stand by appellant's attorney, compelled to take an oath, and subject to virtual cross-examination. *Barfield v. State,* 586 S.W.2d 538 (Tex. Cr.App.1979). Since the appellant's attorney declined to do so and otherwise did nothing to

refute the statements of the prosecutor, the trial judge, in his discretion, had the right to rely upon the statements. He apparently did.

1. Acts 1977, 65th Leg., ch. 787, p. 1970, is principally codified as Chapter Thirty two A, Texas Code of Criminal Procedure, and all references in this opinion to articles and to those in the code.

its. This *evidence* can be from any source, including *cross-examination* of those responsible for preparing the state's case, and may consist of, among other things, a *demonstration* that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit.

* * * At the hearing on the motion to dismiss, the prosecuting attorney stated that he was ready to try the case then and had been ready to try the case ever since the complaint and information had been filed. *No evidence was elicited* to rebut this statement of readiness and it remained unchallenged." [2]

If it is true that "a good rule works both ways," the Court needs a precedent more germane than *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975), to avoid applying to the State in the instant case the burden *Barfield v. State,* supra, imposes on an accused to adduce *evidence* and to *demonstrate* that the prosecution is not ready for trial.[3]

The State relies on *Rodriguez v. State,* 645 S.W.2d 273 (Tex.Cr.App.1982), an opinion written for the Court by the writer of this one. However, as we made clear there, "every participant [in the colloquy between trial judge and counsel for the parties] seems to have *agreeably* assumed chronological developments in the case, but disagreed as to the applicable law," *id.,* at 274, n. 3. In the case at bar appellant claims

that "he complained about these forms of 'evidence' and urged that the court rely instead upon some competent witness," Brief, p. 6, and that he "objected," Brief, p. 8. If so, *Rodriguez v. State,* supra, does not help the State, and *Hicks v. State,* supra, is inapposite.

The San Antonio Court of Appeals seems to have equated unsworn remarks by the prosecutor concerning absence of his witnesses with *Barfield's* declaration of ready being "a *prima facie* showing," for it found that appellant "produced no *evidence* to *demonstrate* the State's lack of readiness ... was due to any reason other than absence" of the witnesses, *Canada v. State,* 636 S.W.2d 632, 635 (Tex.App.—San Antonio 1982). But that will not do, for verbal representations alone have no weight in seeking continuances.[4]

Legislative concern with continuances is shown by the Act itself; thus, it reaffirmed that a criminal action "may be continued on *written motion* of the State ... upon sufficient cause *shown,*" but added "only for so long as necessary," Article 29.03. This Court accords no dignity to an unsworn oral motion for continuance for want of a witness when made by an accused, *O'Neal v. State,* 623 S.W.2d 660, 661 (Tex.Cr.App. 1981); *Minx v. State,* 615 S.W.2d 748, 749 (Tex.Cr.App.1981), one reason being that there is no assurance of the truth of certain factual matters required by statute to be stated unless written out and sworn to, see Articles 29.06 and 29.08, sufficient to war-

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. The statement made in open court in *Hicks v. State,* supra, was to "let the record reflect" physical movements and motions then being made by the prosecuting attorney in the presence of the trial judge and jury and, as the lead opinion points out, the statement "was undisputed by the prosecutor and unquestioned and unqualified by the court ...," *id.,* at 179; two judges concurred on essentially the same basis, while the remaining two dissented.

4. The trial court, the court of appeals and apparently a plurality of this Court see the matter of an unavailable evidence as an "exceptional circumstance" provided for but not otherwise

defined in § 4(10). However, that cannot be, for § 4(6)(A) excludes a reasonable delay resulting "from a continuance granted at the request of the State ... because of the unavailability of evidence that is material to the State's case," the State has exercised due diligence and there are "reasonable grounds to believe the evidence will be available within a reasonable time ..." Having expressly allowed a period of delay when the State makes a showing of grounds that warrant a continuance, the Legislature certainly did not mean that reasons for a continuance would also be "exceptional circumstances." With the concurring opinion, a majority of this Court agrees that § 4(6)(A) is the relevant exclusionary period to be considered in this cause.

rant further investigation by opposing counsel or the trial judge. See *Taylor v. State,* 612 S.W.2d 566, 570 (Tex.Cr.App. 1981).

Accordingly, it is the State this time that has failed to rebut by evidence demonstrating that the periods of its unreadiness in July and August are excludable under any applicable provisions of Article 32A.02, § 4. *Newton v. State,* 641 S.W.2d 530, 531 (Tex. Cr.App.1982). Over the 215 days from arrest to day of trial, the State announced that it was ready for trial only one time— May 12, 1980. When the State was not ready July 1, giving it the benefit of having been ready from May 12 until then—50 days—the number of days since arrest of appellant was 102; when it was not ready on July 14, the number was 115; when it was not ready on August 25, 157 days had passed since arrest. The trial court erred in overruling appellant's renewed motion to dismiss, especially when the prosecution then and there withdrew its announcement of ready.

To further emasculation of the Act, I respectfully dissent.[5]

ONION, P.J., and ODOM and TOM G. DAVIS, JJ., join.

---

**5.** Since the plurality sees the excludable periods were warranted by "exceptional circumstances" under § 4(10)—an erroneous perception according to a majority of the Court, see n. 4, *ante*—only the concurring opinion finds that "it is not necessary for the State to live up to the objective type evidentiary criteria demanded in *continuances,*" p. 532. Without attempting to discover just what all that means, to the extent the concurring opinion suggests that a motion for continuance under the Texas Speedy Trial Act is somehow exempt from appropriate requirements of continuances under Chapter Twenty nine, I point out that in amending Article 29.03 the Legislature demonstrated that continuances alluded to in the Act are subject to applicable requisites of Chapter Twenty nine, particularly Article 29.03.