**Zachary KNIGHTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 57238.

Court of Criminal Appeals of Texas, Panel No. 3.

July 12, 1978.

Garry O. Smith, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Phil Gamble, Asst. Dist. Atty., Lubbock, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

VOLLERS, Judge.

The motion to revoke probation was filed alleging that appellant had violated the terms and conditions of his probation by intentionally and knowingly operating a motor vehicle without the effective consent of the owner. On May 17, 1977 a hearing was held upon the motion to revoke probation. At the conclusion of the hearing the court revoked probation, assessed appellant's punishment at confinement in the penitentiary for a term of four years and pronounced sentence. It is from this revocation that the appellant appeals.

By ground of error number two the appellant complains that the evidence is insufficient to show that he knowingly and intentionally operated a motor vehicle without the owner's effective consent and the trial court abused its discretion in revoking his probation upon the evidence presented to it.

The evidence reflects that on September 11, 1976 the appellant entered into a rental agreement with Dollar Rent a Car Systems for the rental of the automobile in question. The agreement was that when he took the car shortly after 2:00 in the afternoon it was to be returned by 6:00 p. m. on the same evening. He did not return it. The car was recovered some ten days to two weeks later in Dallas. The person who rented the car to appellant said that appellant did not have permission to use it after 6:00 p. m. on the evening in question.

It appears that the appellant's contention is well taken and that the evidence is insufficient to show that appellant operated the automobile in question without the permis-

sion of the owner. There is absolutely no evidence in this record that the appellant had ever operated the automobile in question after 6:00 p. m. on the date in question. It is uncontroverted that he had permission to operate the automobile until 6:00 p. m. on that date. There is no testimony that it was in his possession on any later date in Dallas or anyplace else. The record simply will not support the conclusion that appellant operated the automobile in question after 6:00 p. m. on the date in question and therefore the trial judge abused his discretion in revoking appellant's probation.

The judgment of the trial court is reversed.