**Kenneth SCHERSHEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56892.**

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 10, 1979.

H. Davidson Smith, III, and James F. Scherr, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Douglas Gelo, Asst. Dist. Atty., El Paso, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction by a jury of the offense of unauthorized use of a motor vehicle. Punishment was assessed by the court and appellant was sentenced to four years in the Texas Department of Corrections.

In his sole ground of error appellant challenges the sufficiency of the circumstantial evidence.

The testimony of Leon Gebhaver shows that on May 26, 1976, appellant went to Sports City Incorporated and was looking at motorcycles for sale. Gebhaver, who was a salesman there, assisted the appellant. Gebhaver testified that appellant wanted to "test drive" a certain motorcycle, a 250 green Kawasaki, 1974 model. Gebhaver told appellant that he could, but that he couldn't leave the test drive area because Sports City's liability insurance wouldn't cover accidents off the premises. Gebhaver then watched appellant ride the bike for a short while and then went back inside where things were so busy he completely forgot about the appellant. During the time he watched, appellant was riding the motorcycle in the test drive area on the premises. The test drive area is located behind the store, adjacent to and in view of the motorcycle service department. The record indicates that there was an employee in the service area at the time appellant allegedly took the motorcycle, but he or she was not called to testify regarding seeing the appellant drive the motorcycle off the prescribed premises.

Four or five hours later, Gebhaver received an anonymous phone call that one of their motorcycles was missing. He checked and the same motorcycle that appellant had been riding was gone. The record shows that the motorcycle was found in an apartment leased by a third party a mile and a half from appellant's residence. The State introduced no evidence to connect the appellant with the apartment where the motorcycle was found. The record also shows that the appellant was found in July 1976, approximately a month and a half after the alleged incident, in Billings, Montana.

We agree with the appellant that the circumstantial evidence was insufficient to sustain the conviction.

 Mere presence in the vicinity of a crime, even when coupled with flight, as is the case here, is not alone sufficient to sustain a conviction. *Moore v. State,* Tex. Cr.App., 532 S.W.2d 333; *Ysasaga v. State,* Tex.Cr.App., 444 S.W.2d 305. Although the appellant's test riding of the bike sometime before it was found missing shows something more than "presence in the vicinity of a crime," we find this case closely analogous to that of *Knighten v. State,* Tex.Cr.App., 568 S.W.2d 135. *Knighten* overruled a judgment of probation revocation for the unauthorized use of a motor vehicle. This Court held that the circumstantial evidence was insufficient even on the preponderance of the evidence scale used for probation revocation proceedings. In *Knighten* the appellant entered into a rental agreement in Lubbock with Dollar Rent-a-Car Systems for the rental of an automobile which provided that when he took the car shortly after two in the afternoon it was to be returned by 6 p.m. the same evening. The car was not returned and was found two weeks later in Dallas. The only distinction in *Knighten* other than the absence of the element of flight and the instant case is that of the limitation placed on the consent of the use of the vehicles in question. Appellant was limited only to the area of the test drive site with an implied reasonable limitation on the time he could drive the bike, while Knighten was limited only to the time he could use the vehicle with an implied reasonable limitation on the area he could drive it. It is uncontroverted that Knighten had permission to operate the vehicle until 6 p.m. It is also uncontroverted that appellant had permission to test drive the motorbike in the prescribed test area. There was absolutely no evidence in *Knighten* that he had ever had possession of the vehicle on any later date in Dallas or any place else. There was also a void of testimony that the appellant here ever had possession of the motorbike off the Sports City premises. It is well established that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to a strong suspicion or mere probability is insufficient. *Stogsdill v. State,* Tex.Cr.App., 552 S.W.2d 481; *Flores v. State,* Tex.Cr.App., 551 S.W.2d 364; *Easley v. State,* Tex.Cr.App., 529 S.W.2d 522; *Indo v. State,* Tex.Cr.App., 502 S.W.2d 166. This is especially signifi-

cant when there was someone in the service area with a view of the test driving area who could have shed light on the missing facts of this case.

 Where circumstantial evidence relied on by the prosecution is obviously weak and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction. *King v. State*, Tex.Cr.App., 396 S.W.2d 409; 24 Tex. Jur.2d 427, Evidence, Section 745.

Admittedly, *Knighten's* finding on similar facts of insufficiency of the evidence even on a preponderance of the evidence scale did not involve the element of flight as does the case here. However, we find that the similar facts of the instant case with the addition of the element of flight still did not remove the reasonable hypothesis that the bike was returned by appellant and stolen by someone else on a "beyond a reasonable doubt" scale when coupled with the fact that the additional testimony which could have shed light on how and when the bike was stolen was not introduced by the State.

Having found that reversal must result in the instant case, we further conclude that no further prosecution be had in this cause. The double jeopardy clause of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient. *Burks v. State,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. This ruling is fully applicable to State court proceedings, *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15.

The conviction is set aside and reformed to show acquittal.

For the reasons stated, the judgment is reversed and the cause remanded.

DALLY, J., concurs in the result.