NUMBER 13-99-745-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




JULIA ANNA GARCIA , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 




On appeal from the County Court at Law

of San Patricio County, Texas.



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Yañez

Opinion by Chief Justice Seerden

 


Appellant Julia Anna Garcia was convicted of the misdemeanor offense of criminal mischief. On appeal, Garcia argues
that the evidence was insufficient to support her conviction. We affirm. 

Procedural Background

Garcia was charged with intentionally damaging a car without the consent of its owner, causing pecuniary loss of at least
$50 but less than $500. Garcia pleaded not guilty and waived the right to a trial by jury. The trial court found Garcia
guilty, ordered confinement in the county jail for 180 days, and ordered Garcia to pay restitution in the amount of $256.75,
a fine of $300, and attorney's fees of $305. The court suspended the jail sentence and imposed twelve months of
community supervision. 

Standard of Review

In her only issue, appellant complains the evidence is insufficient to sustain her conviction. Appellant does not specify
whether her challenge is directed toward the legal or factual sufficiency of the evidence. A general challenge to the
sufficiency of the evidence does not raise, as a matter of course, an issue of factual sufficiency in criminal cases. See
Markey v. State, 996 S.W.2d 226, 229 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Marinets v. State, 884 S.W.2d 185,
189 (Tex. App.-Austin 1994, no pet.). We will thus review the evidence under a legal sufficiency standard. 

A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);Johnson v. State, No.
1915-98, 2000 WL 140257 (Tex. Crim. App. Feb. 9, 2000)(opinion not yet released for publication, thus subject to revision
or withdrawal); Weightman v. State, 975 S.W.2d 621, 624 (Tex. Crim. App. 1998). 

In a legal sufficiency review, the fact finder remains the exclusive judge of the credibility of the witnesses and of the weight
to be given their testimony. See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The appellate court serves
to ensure the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). These standards for review apply equally to direct and circumstantial evidence
cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.1991). The critical inquiry is whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. See McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App.), cert. denied, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). 

Under the relevant provision of Texas Penal Code, a person commits the offense of criminal mischief, if, without the
effective consent of the owner, she intentionally or knowingly damages or destroys the tangible property of the owner. 
SeeTex. Penal Code Ann. §28.03 (Vernon Supp. 2000). 

Legal Sufficiency of the Evidence

Garcia was accused of using her keys to scratch the paint of Rachel Ledesma's car. The court heard testimony from Rachel
Ledesma, her sister Patricia Davila, Garcia herself, Garcia's eight year old son, and an independent witness, Tonya Baker. 

 Rachel Ledesma testified that Garcia was her husband's ex-girlfriend and the mother of one of her husband's children. She
testified that she was visiting her mother when she heard Garcia come to the door of the apartment. Ledesma said that her
sister, Patricia Davila, answered the door, and spoke with Garcia. Ledesma testified that she overheard Garcia tell Davila
that she needed to locate Rachel or Rachel's husband because she needed money. Ledesma said Garcia seemed angry.
Davila asked Garcia to leave, whereupon Ledesma asked her sister to follow Garcia to the parking lot because she was
afraid that Garcia would damage her car, a BMW. Davila did so. Ledesma said her sister told her that she saw Garcia run
her hand over the trunk of the car, and upon inspection, saw that there was a large scratch on the trunk of the car. Ledesma
testified that she had a bad relationship with Garcia, and that she believed that Garcia disliked her because her husband was
arrears in child support owed to Garcia. 

 Patricia Davila confirmed her sister's testimony. She further testified that she watched Garcia walk into the parking lot
from the edge of the sidewalk, but did not follow her all the way into the parking lot. Davila testified that Garcia walked
near Rachel's car. She said that Garcia walked behind Rachel's car with her keys held in her left hand "like that." 

 When Garcia drove away, Davila approached the car and saw a large scratch on the trunk of the car. Davila testified that
she saw Rachel's car frequently, and had not previously noticed the scratch. She testified that she believed that she would
have noticed it, had it been there, because of the size of the scratch. When asked if she saw the damage being inflicted on
the car, Davila testified that: 

 I would say yeah because I could - I suspected that that's what she had done. And I could tell that it had just happened,
because when I saw the scratch, the paint that was scratched that got like scratched off was still on there. It was still like
peeled up, so I knew it had -it had just happened. 

Davila's testimony is somewhat unclear because it is dependent on physical gestures and drawings of the scene which were
not made part of the record. However, her testimony establishes that she saw Garcia in the vicinity of the vehicle holding
her keys in a particular manner, and further establishes that the scratch appeared to have happened recently. 

 Tonya Baker, a resident of the complex and independent witness, testified that she spoke with Garcia on the day of the
incident. Baker saw Garcia in the apartment complex and asked her if she was lost, and who she was looking for. Garcia
said that she was looking for a woman who drove a BMW. "She asked me would I show her where it's at." Baker refused.
Baker testified that Garcia told her that she was looking for her "because she was going to take her keys and scratch up her
car." 

Conclusion

In circumstantial evidence cases, such as this one, it is not necessary that every fact point directly and independently to the
accused's guilt. Rather, the evidence is sufficient if the fact finder's conclusion is warranted by the combined and
cumulative force of all the incriminating circumstances. Thompson v. State, 563 S.W.2d 247, 250 (Tex. Crim.
App.1978);Flores v. State, 551 S.W.2d 364, 367 (Tex. Crim. App.1977). While we agree that the mere presence of an
accused at the scene of a crime is insufficient to sustain a conviction, Schershel v. State, 575 S.W.2d 548, 550 (Tex. Crim.
App.1979), the record in this case includes testimony from an independent witness who testified that Garcia told her that
she intended to scratch Ledesma's car, testimony from Ledesma's sister placing Garcia in the immediate proximity of the
car, testimony indicating that the scratch was recently made, and testimony indicating that Garcia was angry at Ledesma. 

Reviewing the relevant evidence in the light most favorable to the verdict, we determine that any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. The judgment of the trial court is affirmed. 



_________________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 15th day of June, 2000.