ACCEPTED
05-17-00346-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/26/2018 4:54 PM
LISA MATZ
CLERK

No. 05-17-00346-CR

IN THE COURT OF APPEALS

FOR THE FIFTH DISTRICT OF TEXAS

DALLAS DIVISION

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/26/2018 4:54:09 PM
LISA MATZ
Clerk

_____

DENISE ROCHELLE ROSS,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

_____

APPEAL FROM THE 204TH

JUDICIAL DISTRICT COURT

DALLAS COUNTY, TEXAS

_____

REPLY BRIEF

_____

Dianne Jones McVay
4303 N. Central Expressway
Dallas, Texas 75205
(214) 559-8803 Office
dianne@jonesmcvay.com

Attorney for Appellant
Denise Rochelle Ross

# Table of Contents

TABLE OF CONTENTS.......................................................................................... ii

INDEX OF AUTHORITIES................................................................................ iii

ARGUMENT …………………………………………………………………3

Appellant did not act individually or as a party**…………………………...………..**3

Appellant did not act intentionally, knowingly, or recklessly with regard to Reid...5

CONCLUSION…………………………………………………………….8

CERTIFICATE OF COMPLIANCE......................................................................9

CERTIFICATE OF SERVICE .............................................................................10

# Index of Authorities

**CASES**

Bryan v. State, 574 S.W.2d 109 (Tex.Cr.App. 1978)…………………………………2

Clayton v. State, 235 S.W.3d 772 (Tex. Crim. App. 2007). …………………..………2

Conner v. State, 67 S.W.3d 192 (Tex.Crim.App. 2001). ………………..…………….2

Earnhart v. State, 575 S.W.2d 551 (Tex.Cr.App.1979). ……………..……..………2

Ford v. State, 571 S.W.2d 924 (Tex. Cr. App. 1978). ……………..…..…………2

Hooper v. State, 214 S.W.3d 9 (Tex.Crim.App. 2007). ……………..…..…………2

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)………1,2

Schershel v. State, 575 S.W.2d 548 (Tex.Cr.App 1979) ………………....……2

**STATUTES**

TEX. OCC. CODE ANN. § 151.002(a)(13) (Vernon Supp.2006) (emphasis added)………………………………………………………..………...........6

**THE HONORABLE COURT OF APPEALS:**

Denise Rochelle Ross respectfully submits this reply brief in accordance Rule 38.3 of the Texas Rules of Appellate Procure. Makes the following response.


I.      The evidence is factually and legally insufficient to substantiate Appellant committed the offense of Practicing Medicine without a License by injecting Wykesha Reid with silicone thereby causing her death and/or by acting with the intent to promote or assist Jimmy Clarke in committing the offense of Practicing Medicine without a License and while in the course of and in furtherance of the commission of said offense, if any, Appellant solicited, encouraged, directed, aided Jimmy Clarke in committing an act clearly dangerous to human life, to-wit:  Jimmy Clarke injecting Wykesha Reid with silicone, a deadly weapon, thereby causing the death of Wykesha Reid.

Standard of Review

To assess the sufficiency of the evidence one must determine whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d

1

560 (1979).   The fact finder must resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. Id. In analyzing legal sufficiency, it must be determined whether the necessary inferences are reasonably based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. Hooper v. State, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007).   The court must review "all of the evidence" which includes evidence that was properly and improperly admitted. Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001). When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. Jackson, 443 U.S. at 326.

Direct and circumstantial evidence are treated equally.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant".  Schershel v. State, 575 S.W.2d 548 (Tex.Cr.App 1979); Bryan v. State, 574 S.W.2d 109 (Tex.Cr.App. 1978).  Proof which amounts only to strong suspicion or mere probability is insufficient.  Ford v. State, 571 S.W.2d 924 (Tex. Cr. App. 1978).  Every circumstantial evidence case must necessarily be tested by its own facts to

determine the sufficiency of the evidence to support the conviction.  Earnhart v. State, 575 S.W.2d 551 (Tex.Cr.App.1979).

In response to the State's Brief, Appellant further addresses the following two issues:

## ARGUMENT

**3.1    Appellant did not act individually or as a party.**

While the State acknowledges that it must prove beyond a reasonable doubt that the Appellant is the person who committed the offense.  The State argued it is entitled to prove that a defendant acted as a party, even though the indictment alleges only that she acted as a principal actor. To establish party liability, the State must prove that, in addition to the illegal conduct the defendant must know that she was assisting in the commission of the offense. (State's Brief at 29.)

The State claims it proved the case against Appellant because 1) DeShonte Robinson placed Appellant at 3815 Eastside, performing butt injections, on the evening of February 18; 2) Appellant's DNA was the only DNA found in the entire building, which had otherwise been cleared and cleaned before police arrived the next morning; 3) Appellant's phone records show that her phone was in the vicinity of 3815 Eastside from 5:55 p.m. until 8:23 p.m., and then again from 8:43 p.m. until 9:30 p.m., before ending up in Mesquite the next day; and 4) Appellant's

conversations with Robinson and Clarke the next morning confirm that she was using her phone at that time. (State's Brief at 29.)

1. There is no evidence what Appellant was doing at the 3815 Eastside location. DeShonte Robinson testified that there were three people seated in the lobby area waiting on Ms. Ross. However, she never said Ross what Ross was doing in the room. As some point, Ms. Ross came out of the back room to tell her to turn the radio up, and on a second occasion to tell everyone to leave. While the State clearly had it within their means to obtain the cell tower records of Reid and Jimmy Clarke, the chose not to. Therefore, there is no evidence that Reid or Jimmy Clarke were present at the location during the time frame that Robinson saw Ms. Ross at 3815 Eastside.

2. The presences of Appellant's DNA in the building does not establish the date or time in which it was left and for the State to claim otherwise is clear speculation.

3. There is absolutely no evidence Appellant was in possession of her phone on February 18, 2015. Furthermore, there is no evidence that Reid and Appellant were at the 3815 Eastside location together or that Appellant and Jimmy Clarke were at the 3815 Eastside location together.

4. Ms. Ross's using her cellphone to speak with Robinson and Clarke on February 19, 2015 does not confirm that she was using her phone or possessed her

4

phone, the day before on February 18, 2015. If the State wanted to prove that, Ross was in possession of her phone on February 18, 2015, they could have produced her's and Reid's texts. They also could have also, used Appellant's phone records to locate the individuals she communicated with on February 18, 2015 to establish when and what time Appellant actually had her telephone in her possession.

Finally, there is absolutely no evidence that Jimmy Clarke and Appellant were ever together on February 18, 2015.

Therefore, there is no evidence that Appellant practiced medicine without a license on February 18, 2015 or that she solicited, encouraged, directed, aided Jimmy Clarke with injecting Wykesha Reid with silicone.

For the foregoing reasons, Appellate asks this court to vacate her conviction.

## 3.2 Appellant did not act intentionally, knowingly, or recklessly with regard to Reid.

The State argues that Appellant: 1) intentionally or knowingly practiced medicine (nature of the conduct); and 2) knowingly or recklessly did so without a license (circumstances of the conduct). A culpable mental state. Consequently, when Appellant practiced medicine by injecting Reid with silicone, she acted

knowingly or recklessly with respect to whether she had a license. (States Brief at 38-39.)

The term "practicing medicine"- "[M]eans the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions, by a person who:

(A) publicly professes to be a physician or surgeon; *or*

(B) directly or indirectly charges money or other compensation for those services."

TEX. OCC. CODE ANN. § 151.002(a)(13) (Vernon Supp.2006) (emphasis added).

As previously stated, there is no evidence that Appellant or Jimmy Clarke held themselves out to the public to be physicians or surgeons. Nor is there evidence that Appellant practiced medicine by injecting Reid with silicone on February 18, 2015. While there were several witnesses that testified that they paid Ross for the service of injecting silicone in their body parts. There is no evidence that Ross received any money from Reid. Reid allegedly had 4 different butt injections per her daughter Keira. However, there is no evidence that either Ross

6

or Jimmy Clarke performed any of them. But more specifically, there is clearly no evidence Ross or Jimmy Clarke performed the first three butt injections or that they were compensated for those services. Additionally, there is no evidence that Ross or Jimmy Clarke received money from Reid on February 18, 2015. The State made no effort to obtain Reid's bank account to show any withdraws from her account or to obtain Ross's or Jimmy Clarke's bank accounts to show any bank deposits surrounding the alleged business in general or transaction between Ross, Jimmy Clarke and/or Reid.

Finally, the State's case was based on circumstantial evidence. It fails to exclude other reasonable hypothesis except the guilt of Ms. Ross. The verdict is based solely on the strong suspicion, speculation and mere probability. The evidence in this case is insufficient to support a guilty verdict.

## CONCLUSION

For the reasons stated in this Reply Brief as well as her Initial Brief, Appellant Denise Ross respectfully prays that her conviction and sentence be vacated, and that judgment be rendered for her.

/s/Dianne Jones McVay
Dianne Jones McVay
4303 N. Central Expressway
Dallas, Texas 75205
(214) 559-8803 Office
State Bar of Texas No. 10010900
dianne@jonesmcvay.com

Attorney for Appellant

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4 because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains (1811) words based upon the word count function of Microsoft Word 2010, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/Dianne Jones McVay
Dianne Jones McVay
4303 N. Central Expressway
Dallas, Texas 75205
(214) 559-8803 Office
State Bar of Texas No. 10010900
dianne@jonesmcvay.com

## CERTIFICATE OF SERVICE

I, Dianne Jones McVay, do hereby certify that, on this the 26th day March, I caused a copy of the foregoing document to be served on the Dallas County District Attorney's Office, 133 N. Riverfront Blvd, Dallas, Teas 75207 by email transmission at douglas.gladden@dallascounty.org

/s/Dianne Jones McVay
Dianne Jones McVay
4303 N. Central Expressway
Dallas, Texas 75205
(214) 559-8803 Office
State Bar of Texas No. 10010900
dianne@jonesmcvay.com