

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00198-CR

_____


DAVID BARKER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CR1102039


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

David Barker was convicted of criminal trespass following a bench trial. He was sentenced to ten days' confinement in the Hunt County jail. Barker's point of error on appeal is that the evidence was insufficient to support the trial court judgment. We affirm the judgment because we find the evidence legally sufficient for a rational trial judge to find that Barker committed the offense of criminal trespass beyond a reasonable doubt.

In evaluating legal sufficiency, we use the traditional standard of review.[1] Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of criminal trespass if the person "enters or remains on or in property of another . . . without effective consent and . . . had notice that the entry was forbidden . . . ." TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2012). Even though the statute does not require a culpable mental state, the Texas Court of Criminal Appeals has held that a culpable mental state of intentionally, knowingly, or recklessly is required. *West v. State*, 567 S.W.2d 515, 516 (Tex. Crim. App. [Panel Op.] 1978) (citing TEX. PENAL CODE ANN. § 6.02(b)(c)). The information alleged that Barker intentionally or knowingly entered property belonging to Texas A&M University-Commerce (the University) without its effective consent

---

[1]*Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

even though he had notice that entry was forbidden. Barker argues that the written notice sent by the University informing him that his entry upon their campus was forbidden was never received by him.

Robert Dotson, the assistant dean of campus life at the University, testified that Barker had disciplinary issues. On June 17, 2011, Barker was informed that he was "required to undergo a mental health evaluation before returning to the University" and that the University would make any further decisions with respect to Barker only after a psychiatrist or psychologist responded in writing to the University's "Treating Professional's Questionnaire," which was attached to the letter. Barker's failure to seek mental health treatment led to a July 12, 2011, notice of disciplinary probation and issuance of a criminal trespass warning that was sent to Barker in the mail. The notice listed Barker's disciplinary problems, articulated the University's decision to suspend Barker, and contained the following language (including the underlining and bold font emphasis):

> You may not return to the University until you establish that you are able to function in this academic setting. As a stipulation for you to return, the University must have the opportunity to review and consider the [required mental health] evaluation and treatment you have received.
>
> **Lastly, you are officially informed and notified that you are not to be on property or premises owned or controlled by Texas A & M University-Commerce. Beginning 7/12/2011 you are not to be on premises at any time or you will be subject to arrest for Criminal Trespass. Section 30.05 Texas Penal Code and Sections 51.209 and 51.210 Texas Education Code.**

A copy of the notice was also sent to Barker's personal and the University e-mail addresses at 4:00 p.m. on July 12, 2011. At 8:34 p.m. on that same date, Barker responded to Dotson's e-mail, which contained the criminal trespass notice as an attachment, by listing his complaints

3

about the requirement of the mental health evaluation and quoting, "'**Behold, I give you the authority to trample on serpents and scorpions, and over all the power of the enemy, and nothing shall by any means hurt you.' (Luke 10:19).**"  Dotson testified that although Barker was not allowed to return to campus and "was still criminally trespassed from campus," "he would be able to continue as an A&M Commerce student online only."

Officer Lance Sharp, who worked with the University police department, testified that he was dispatched on July 13, 2011, "in reference to a gentleman over at the library that was not supposed to be there."  He encountered Barker, "verified he was still currently trespassed," and placed him into custody.  Sharp stated that Barker "actually said something to us or actually had some paperwork showing us different e-mails and stuff," but also claimed that "he did not know he was not supposed to be on campus."

Barker testified that he used the University library computer to receive the e-mail Dotson sent on July 12, 2011, and that he opened the attachment containing the trespass notice.  However, Barker told the trial court that he did not read the entire letter containing the trespass notice until after his arrest.

Under Section 30.05 of the Texas Penal Code, Barker had to have "notice that the entry was forbidden."  TEX. PENAL CODE ANN. § 30.05(a)(1).  One definition of "notice," as required by statute, is "written communication by the owner or someone with apparent authority to act for the owner."  TEX. PENAL CODE ANN. § 30.05(b)(2)(a) (West Supp. 2012).  The uncontested evidence established that Barker received the University's criminal trespass notice via e-mail.  Thus, under the statute, Barker had notice.

4

Nevertheless, Barker testified that he only read part of the notice. The issue of whether Barker read part or all of the notice is a fact determination. Evaluations of credibility and demeanor are within the sole province of the trier of fact. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). "[W]e do not reevaluate the weight and credibility of the evidence, but act only to ensure that the [fact-finder] reached a rational decision." *Id.* As fact-finder, the trial court was free to disbelieve that Barker read only part and not the entire notice of trespass. The portion containing the criminal trespass notice was underlined in one paragraph and bold in the other. Given the letter's importance, the conclusion that Barker would have read the entire letter, or at least the emphasized paragraphs, was a rational decision. Viewing the evidence in the light most favorable to the verdict, we conclude that Barker had notice, as that term is defined by Section 30.05, that he was not to enter the University's premises.

Barker's sole point of error is overruled. We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     May 13, 2013
Date Decided:       May 17, 2013

Do Not Publish