

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00368-CR

Preston Dewayne **VANNOY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-15-0780
Honorable Brenda Chapman, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed:  June 27, 2018

AFFIRMED

A jury found Preston Vannoy guilty of the misdemeanor offense of criminal trespass.  The

trial court assessed punishment at confinement for ninety days in county jail with a $500 fine.  On

appeal, Vannoy challenges the sufficiency of the evidence supporting his conviction.  We affirm

the judgment of the trial court.

## BACKGROUND

On March 31, 2015, Austin McFarland contacted his neighbors Jimmy and Barbara

Montgomery to inform them he saw another neighbor, Vannoy, jump the fence from "their land"

back onto his own property. The property in question was posted with NO TRESPASSING signs. Barbara, the complainant herein, contacted authorities to report the trespass, and Deputy Laura Kohls with the Guadalupe County Sheriff's Department ("GCSD") responded to the call. Deputy Kohls, after speaking with the Montgomerys and McFarland, determined the address of the property in question was 308 Riverview Terrace. Deputy Kohls verified there was a criminal trespass notice on file for that address, as well as the "combined" property 312 Riverview Terrace, that had been issued to Vannoy by GCSD Corporal Brendan Moczygemba in December 2013.

During trial, 308 Riverview Terrace was identified generally as the "corner" property and testimony indicated the property was owned by John Gage. Barbara testified the Montgomerys had an agreement with Gage through which the Montgomerys would "lease" the property for seven years in exchange for cleaning the property. Ben Garza, III, the homeowner's association president, testified he knew about the agreement between Gage and the Montgomerys. Barbara testified she placed several NO TRESPASSING signs on the property, which kept disappearing. Barbara replaced the missing signs with signs that included the message, "This is for you, Preston Vannoy." The State additionally elicited testimony regarding a previous trespass warning given to Vannoy by Gage in 2009, which warned Vannoy not to enter the property at 308 Riverview Terrace.

When asked to identify upon which piece of property Vannoy was seen trespassing and which property was the subject of the agreement between Gage and the Montgomerys, McFarland and Barbara both identified the property on an aerial map, and referred to the property as the "corner." When pointing out properties in the neighborhood on the aerial map, Garza pointed out 308 Riverview Terrace as the "corner lot" and indicated that Vannoy's property was located next to the combined 308/312 corner lot.. Garza further testified "[t]hese are multiple lots and they

combined them; so that's why — gets really confusing" in explaining why address numbers were not sequential.

## ANALYSIS

In his sole issue on appeal, Vannoy contends the evidence is legally insufficient to show he committed the offense of criminal trespass. Specifically, Vannoy argues the evidence was insufficient to show which lots were controlled by Barbara Montgomery and there was no evidence to show Vannoy entered onto 308 or 312 Riverview Terrace on March 31, 2015.

### Standard of Review

When examining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The standard is the same for both direct and circumstantial cases. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

As the factfinder, the jury is the exclusive judge of witness credibility and the weight of the evidence. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The jury is permitted to draw reasonable inferences from the evidence so long as the inferences are supported by the record. *Id*. Further, the reconciliation of conflicts in the evidence is within the factfinder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). If a record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the prevailing party and therefore defer to that determination. *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 12 (Tex. Crim. App. 2007). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as

the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013); *Hooper*, 214 S.W.3d at 13.

## Applicable Law

A person commits the offense of criminal trespass if he enters or remains on or in the property or habitation of another without effective consent and (1) had notice that the entry was forbidden, or (2) received notice to depart but failed to do so. *See* TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2017); *Salazar v. State*, 284 S.W.3d 874, 876 (Tex. Crim. App. 2009).[1] "Another" means "a person other than the actor." TEX. PENAL CODE ANN. § 1.07(a)(5) (West Supp. 2017). "Notice" may be conveyed by, among other things, "oral or written communication by the owner or someone with apparent authority to act for the owner"; "fencing or other enclosure obviously designed to exclude intruders"; or "a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden." *See id*. § 30.05(b)(2).

> The information in this case alleged that on or about March 31, 2015, Vannoy:
>
> did then and there unlawfully, intentionally, or knowingly enter into or remain on the property of another, namely, Barbara Montgomery, without the effective consent of the said Barbara Montgomery, and the said defendant had notice that the entry was forbidden or had received notice to depart but failed to do so[.]

The trial court's charge substantially tracked the language of the charging instrument.

## Discussion

In this case, several witnesses used an aerial map of the neighborhood to identify the various properties they referred to during their testimonies. Although the points on the map to which each witness pointed is not included in the record, the record does indicate the map

---

[1] Because section 30.05(a) does not provide a culpable mental state, Penal Code section 6.02 requires the inclusion of a culpable mental state of intentionally, knowingly, or recklessly. *See* TEX. PENAL CODE ANN. § 6.02(b), (c) (West 2011); *Holloway v. State*, 583 S.W.2d 376, 377 (Tex. Crim. App. [Panel Op.] 1979).

identification occurred before the jury. We defer to the jury on the issue of conflicting evidence, if the evidence is in fact conflicting. Here, the jury heard testimony lots had been combined, which led to some confusion in identifying property numbers. Nevertheless, McFarland testified he saw Vannoy on property McFarland was aware was under the control of the Montgomerys. Barbara Montgomery testified regarding the agreement between her, her husband, and Gage. This evidence was undisputed. Further, Deputy Kohls testified the address to which she responded for the criminal trespass call was 308 Riverview Terrace, and Corporal Moczygemba testified 308 and 312 Riverview Terrace were combined properties for which Vannoy had been issued a criminal trespass warning.

Thus, considering all the evidence in the light most favorable to the jury and deferring to the jury's reasonable inferences as well as the jury's reconciliation of any possible conflicts in the evidence, we conclude a rational trier of fact could have found the essential elements of criminal trespass beyond a reasonable doubt.

Vannoy's sole issue on appeal is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH